UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:21-CR-74-KAC-JEM-1 |
| PORSHA TIMS BUSH, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION

This case is before the Court on Defendant Porsha Tims Bush's pro se "Motion for Judicial Recommendation Concerning Length of Halfway House Placement" [Doc. 55] accompanied by letters of support and other documents attesting to Defendant's post-conviction work to better herself [Doc. 55-1]. Defendant asks the Court to recommend to the Bureau of Prison ("BOP") that she "be granted the maximum remaining placement time" in a Halfway House [*Id.* at 2]. Specifically, she seeks a recommendation of "14-18 months of Halfway House" placement [*Id.*].

18 U.S.C. § 3621 charges the BOP with "designating the place of the prisoner's imprisonment." BOP makes this designation after carefully considering (1) "the resources of the facility contemplated," (2) "the nature an circumstances of the offense," (3) "the history and characteristics of the prisoner," (4) "any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correction facility as appropriate," and (5) "any pertinent policy statement issued by the Sentencing Commission pursuant to section 944(a)(2) of title 28." 18 U.S.C. § 3621(b). The law further directs that the Director of the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final

months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." *Id.* at § 3624(c)(1). "Such conditions may include a community correctional facility," *id.*, often referred to as a "residential reentry center" or "halfway house." *See* Fed. Bureau of Prisons, About Our Facilities: Reentry Centers Page, https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp (last visited Nov. 17, 2023).

Congress squarely vested BOP, not the Court, with authority regarding an inmate's designation within the BOP system. *See Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009) (quoting 18 U.S.C. § 3621(b)). BOP developed regulations to assist it in performing its statutory duty. *See id.* at *1-2. Moreover, BOP has access to critical information regarding "the resources of the facility contemplated" and "the history and characteristics of the prisoner" during incarceration that the Court does not have. *See* 18 U.S.C. § 3621(b). Therefore, BOP—not the Court—is in the best position to assess the "conditions that will afford" Defendant "a reasonable opportunity to adjust to and prepare for the reentry . . . into the community." *See* 18 U.S.C. § 3624(c)(1). As such, the Court is unable to make an informed and reasoned recommendation regarding halfway house designation. Accordingly, the Court **DENIES** Defendant's "Motion for Judicial Recommendation Concerning Length of Halfway House Placement" [Doc. 55].

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

2

Case 3:21-cr-00074-KAC-JEM   Document 56   Filed 11/20/23   Page 2 of 2   PageID #: 353