# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

United States of America
v.
Porsha Tims Bush

Case No: 3:21-CR-74-KAC-JEM
USM No: 58588-509

Date of Original Judgment: 2/24/2022
Date of Previous Amended Judgment:

Jonathan A. Moffatt
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____.

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 6/25/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:21-CR-74-KAC-JEM |
| ) | |
| PORSHA TIMS BUSH, ) | |
| ) | |
| Defendant. ) | |

## **ANALYSIS**

Before the Court is Defendant Porsha Tims Bush's "Motion to Reduce Sentence Pursuant to 18 USC 3582(c)(2)" [Doc. 57]. On February 24, 2022, the Court sentenced Defendant to fifty-seven (57) months' imprisonment for wire fraud, in violation of 18 U.S.C. § 1343 [Doc. 38 at 1-2]. In her motion, Defendant seeks a reduction in sentence based on the retroactive effect of United States Sentencing Guideline Amendment 821, Part B [Doc. 57 at 1]. The Federal Defender Services of Eastern Tennessee, pursuant to Eastern District of Tennessee Standing Order 24-05, reviewed Defendant's motion and "determined that it will not file a supplemental motion" [Doc. 58 at 1]. The United States opposes because Defendant is "ineligible for any sentence reduction" under Part B of Amendment 821 [Doc. 59 at 1].

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the

2

"applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the "decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Commission policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have applied to the defendant" if Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline applications unaffected." *Id.* As is relevant here, Part B of Amendment 821 added Section 4C1.1 to the Guidelines. That Section authorizes a two-level reduction in offense level if a defendant meets certain criteria:

> ***(1) the defendant did not receive any criminal history points from Chapter Four, Part A;***
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

*Id.* § 4C1.1(a) (emphasis added).

Here, Defendant is ineligible for a reduction under Section 4C1.1 because she received a criminal history point "from Chapter Four, Part A." *See* U.S.S.G. § 4C1.1(a)(1). Defendant's prior convictions yielded one (1) criminal history point [Doc. 19 ¶ 98]. Therefore, Defendant does not satisfy all of the requirements of Section 4C1.1. *See* U.S.S.G. § 4C1.1(a)(1). Because Defendant received a criminal history point, she is not eligible for a sentence reduction under Section 3582(c)(2) and Part B of Amendment 821.